Amelia and Inwood COLLINS, Florentine Castillo, Thomas Boyd, Leon Niecikowski, on behalf of themselves and others similarly situated, Plaintiffs,

v.

James BAYLOR, Director of Department of Insurance of State of Illinois, as Liquidator of Multi-State Inter-Insurance Exchange, and Charles J. Hoffman, Jr., Defendants.

Albert GARY, Julion Giron, John H. McCullough, Lorraine Shaw, and Pierce Thomas, on behalf of themselves and others similarly situated, Plaintiffs,

v.

James BAYLOR, Director of Department of Insurance, State of Illinois, as Liquidator of Blackhawk Mutual Insurance Company, Defendant.

Willie BAXTER, William Billups, Benjamin Brown, Raul Chavez, Carlos Delgado, Florentino Castillo, on behalf of themselves and others similarly situated, Plaintiffs,

v.

James BAYLOR, Director of Department of Insurance of State of Illinois, as Liquidator of Bell Mutual Casualty Company, and Phillip Kitzer, Sr., Defendants.

Charles BALLENGER, Thomas Berry, Arvelio Cabrera, Ernesto Garcias, Charles Hampton and Florentino Castillo, on behalf of themselves and others similarly situated, Plaintiffs,

v.

James BAYLOR, Director of Department of Insurance of State of Illinois, as Liquidator of Adams Mutual Insurance Company, and Norman J. Schlossberg, Defendants.

Nos. 69 C 454–69 C 457.

United States District Court
N. D. Illinois, E. D.
July 23, 1969.

Gordon H. S. Scott, Alfred R. Lipton, John H. Schlegel, Chicago, Ill., for plaintiffs.

William J. Scott, Atty. Gen. of State of Ill., Jerome H. Torshen, Chicago, Ill., for defendants.

Feinberg & Fried, Chicago, Ill., for Norman J. Schlossberg.

George B. Collins, Chicago, Ill., for Charles Hoffman.

## MEMORANDUM ORDER

NAPOLI, District Judge.

These four cases are predicated entirely on the Securities Exchange Act of 1934. They are brought by certain policyholders of four defunct automobile insurance companies on behalf of all others similarly situated. The plaintiffs seek the rescission of their policies and an injunction against the State Director of Insurance to prevent the collection of assessments under the contingent liability provisions of their policies.

All of the defendants, except Phillip Kitzer, Sr., who has been ordered in default, have moved to dismiss these suits because the plaintiffs have not stated a claim upon which relief can be granted. The defendants contend that the insurance policies in question are not securities in any sense and certainly not within the meaning of the Securities Exchange Act and the rules promulgated thereunder and, moreover, that they are specifically exempted from coverage by the Act and its scheme of regulation. Defendants contend that whatever relief may be available to the plaintiffs must be pursued through the claim provisions of the Illinois Insurance Code.

As additional grounds for dismissal, various defendants have proposed that these suits are not proper class actions, that they are barred by the statute of limitations and laches, that the policies are not described in the complaint nor were they sold in commerce or through the U. S. mails and that the entire matter is res judicata.

The instant claims were raised as the second count in earlier suits filed in this Court. A three judge court was con-

vened to determine the first count which challenged the constitutionality of the Illinois Insurance Code. The second count was dismissed without prejudice.

■ The central and dispositive issue in these cases is whether the insurance policies can be characterized as securities within the meaning of the Securities Exchange Act of 1934. The argument of the defendants is that as insurance these policies are implicitly and specifically excluded from the operation of the Act. The reply of the plaintiffs is that these policies represent not merely insurance, which they agree would not ordinarily be covered by the Act, but also membership in a reciprocal or mutual company, an ownership interest, a share in the profits and losses, a security.

The legislation both state and federal and the case law support defendants' position.

Section 2(b) of the McCarran-Ferguson Act, 15 U.S.C. § 1012(b) provides:

No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance  *  *  *.

A "security" is defined in the Securities Exchange Act of 1934, Section 3(a)(10) as follows:

The term of "security" means any note, stock, treasury stock, bond, debenture, certificate of interest or participation in any profit-sharing agreement  *  *  *  or in general any instrument commonly known as "security"  *  *  *

The above definition of the 1934 Act is substantially the same as that used in the 1933 Act. The 1933 Act also contained a specific exemption from registration of insurance policies and annuities regulated by appropriate state officials. 15 U.S.C. § 77c (a) (8). The legislative history of that exemption is quite clear as to the purport of the Act and the intention of Congress:

Paragraph (8) makes clear what is already implied in the act, namely, that insurance policies are not to be regarded as securities subject to the provisions of the act. The insurance policy and like contracts are not regarded in the commercial world as investment securities offered to the public for investment purposes. The entire tenor of the act would lead, even without this specific exemption, to the exclusion of insurance policies from the provisions of the act, but the specific exemption is included to make misinterpretation impossible. H.R. Rep. No. 85, p. 15, 73rd Congress, 1st Sess. 1933.

The Supreme Court in Tcherepnin v. Knight, 389 U.S. 332, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967), in construing for the first time the 1934 Act's definition of "security", listed the following criterion for their judgment:

[W]e are aided in our task by our prior decisions which have considered the meaning of security under the 1933 Act. In addition, we are guided by the familiar canon of statutory construction that remedial legislation should be construed broadly to effectuate its purposes.  *  *  *  Finally, we are reminded that, in searching for the meaning of the word "security" in the Act, form should be disregarded for substance and the emphasis should be on economic reality. S. E.C. v. W. J. Howey Co., 328 U.S. 293, 298, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946).

Following these guidelines only one conclusion is possible—that these mutual and reciprocal insurance policies were not intended by Congress to be treated as securities under the Securities Exchange Act.

The legislative history is clear that laws regulating insurance were to be left to the States. It might be noted here that S.E.C. v. Variable Annuity Life Insurance Co., 359 U.S. 65, 79 S.Ct. 618, 3 L.Ed.2d 640 (1959) was not an

exception to that policy. The variable annuity is of recent origin, a concept introduced in New York in 1952. Therefore the holding that it was more security than annuity said nothing about the intention of Congress in 1934. The Court acknowledged this point at page 68, 79 S.Ct., at p. 620 of the decision:

> When the States speak in the field of "insurance," they speak with the authority of a long tradition. For the regulation of "insurance," though within the ambit of federal power (United States v. [South-Eastern] Underwriters' Assn., 322 U.S. 533 [64 S.Ct. 1162, 88 L.Ed. 1440]), has traditionally been under the control of the States. * * * While all the States regulate "annuities" under their "insurance" laws, traditionally and customarily they have been fixed annuities, offering the annuitant specified and definite amounts * * *.

There is nothing about reciprocals or mutuals that is at variance with insurance tradition and business custom. It is not the expectation of anyone buying these kinds of policies that they are going to be sharing in the profits of a company. In Coons v. Home Life Insurance Co., 368 Ill. 231, 236, 13 N.E.2d 482 (1938) the court took notice of this fact in discussing the nature of the mutual's dividend:

> Such so-called dividends are, in reality, not dividends, but in a mutual insurance company are merely a return to policyholders of the unearned, that is, unused, portion of the premiums paid in.

The provision for dividends from mutuals was first adopted in 1869. It is no overstatement to say that both these types of insurance fall squarely within the letter and the tradition of the Illinois Insurance Code. See 73 Ill.Rev. Stat. §§ 648–697.

The fact that these plaintiffs may not have expected to be paying assessments on the dissolution of their insurer, does not take these policies out from under the insurance exception of the Securities Exchange Act or the rationale behind that exception.

The plaintiffs were probably surprised and even shocked to find themselves assessed for their insurers' liabilities. Plaintiffs may have even suffered an injustice or been defrauded but that still does not bring into play the Act or the jurisdiction of this Court pursuant to the Act. Not every fraudulent or deceitful practice is covered by Section 10(b) of the Act and Rule X–10B–5 but only those involving securities. Moreover neither the district courts nor the federal judicial system were devised to be the final arbiter of every claim or the rectifier of every wrong. Plaintiffs can raise the issue of fraud in the state courts either in a suit of their own instigation or those of the State Director of Insurance. The three judge court impaneled in this district will continue to consider the constitutionality of the Illinois insurance laws.

In accordance with our conclusion that the instant insurance policies can not be characterized as "securities", we need not consider any of the additional and peripheral grounds for dismissal.

We hold, therefore, that the plaintiffs have not stated a claim under the Securities Exchange Act of 1934 upon which the District Court can grant relief. It follows, therefrom, and it is hereby ordered that the order of default entered against the defendant, Phillip Kitzer, Sr., should be and the same is vacated, that plaintiffs' motion for a preliminary injunction should be and the same is denied, and that these four cases and each of them should be and the same are dismissed.